2000 ME 110

**Thelma CYR**

v.

**ADAMAR ASSOCIATES LIMITED
PARTNERSHIP.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 25, 2000.

Decided June 9, 2000.

Anthony K. Ferguson, Fales & Fales,
P.A., Lewiston, for plaintiff.

Alan G. Stone, Skelton, Taintor & Ab-
bott, Auburn, for defendant.

Before WATHEN, C.J., and RUDMAN,
DANA, SAUFLEY and CALKINS, JJ.

RUDMAN, J.

[¶ 1] Thelma Cyr, the personal represen-
tative for the estate of her daughter, Rac-
helle Williams, appeals from a summary
judgment entered in the Superior Court
(Androscoggin County, *Mead, C.J.*) in fa-
vor of Adamar Associates. Cyr contends
that she is entitled to recover from Ada-
mar Associates for the wrongful death of
Williams. We disagree and affirm the
judgment.

[¶ 2] On Sunday, November 5, 1995, Rachelle Williams was a registered guest at the Ramada Inn in Lewiston. The Ramada is a facility owned and operated by Adamar Associates. Williams and some of her colleagues from Pizza Hut were in Lewiston for a seminar. That evening, Williams and her co-workers socialized in the Ramada lounge. While in the lounge, Williams noticed that a man, later discovered to be Lloyd Franklin Millett, was staring at her. Around 11:00 P.M., Williams placed a twenty dollar bill on the table and told her colleagues to pay for the beer that she had just ordered because she was going to the ladies' room and would return shortly. Williams also left her cigarettes and lighter at the table in the lounge.

[¶ 3] Williams never returned to the lounge. Her corpse was found the next day in a field adjacent to the Ramada parking lot. Ramada did not own the field. Williams had been raped, assaulted and strangled to death; her injuries were consistent with a struggle. Lloyd Franklin Millett later pleaded guilty to murdering Williams.

[¶ 4] When reviewing the grant of a summary judgment, we examine the evidence in "a light most favorable to the party against whom the judgment has been granted." *See Nevin v. Union Trust Company*, 1999 ME 47, ¶ 5, 726 A.2d 694, 696. We will affirm the grant of a summary judgment if, upon an independent review of the record, the evidence manifests that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *See Landry v. Leonard*, 1998 ME 241, ¶ 4, 720 A.2d 907, 908.

[¶ 5] Cyr asserts that the Ramada breached its duty of care to Williams because Millett's attack was foreseeable and because the Ramada's inadequate security precautions proximately caused Williams' death. Although an innkeeper has a duty to protect its patrons from foreseeable injuries, the innkeeper is not liable for the resulting injuries unless the innkeeper's conduct, or lack thereof, is found to be the proximate cause of the patron's injuries. *See Brewer v. Roosevelt Motor Lodge*, 295 A.2d 647, 651 (Me.1972).

[¶ 6] Proximate cause is an action occurring in a natural and continuous sequence, uninterrupted by an intervening cause, that produces an injury that would not have occurred but for the action. *See Webb v. Haas*, 1999 ME 74, ¶ 20, 728 A.2d 1261, 1267. "A negligent act is the proximate cause of an injury only if the actor's conduct is a substantial factor in bringing about the harm." *See id.* Although proximate cause is usually a question of fact for the jury, the court has a duty to direct a verdict for the defendant if the jury's determination of proximate cause would be based on speculation or conjecture. *See Webb*, ¶ 20, 728 A.2d at 1267.

[¶ 7] In the present case, no evidence exists to support a conclusion that the Ramada proximately caused Williams' death. Although it would not be unreasonable to assume that Millet abducted Williams from the Ramada's premises, the evidence does not reveal whether Williams voluntarily left the Ramada property with Millet or whether he abducted her. The lack of such evidence and the discovery of Williams' body on property not owned by the Ramada manifest that the relation between the Ramada's security measures and Williams' death is too uncertain and tenuous to hold Adamar liable.

[¶ 8] Adamar was entitled to a judgment as a matter of law because without any evidence for the jury to consider regarding the circumstances leading to the assault, the jury would be basing its determination of liability on pure conjecture. *See Webb*, ¶ 20, 728 A.2d at 1267; *Champagne v. Mid–Maine Med. Ctr.*, 1998 ME 87, ¶ 10, 711 A.2d 842, 846 (quoting the RESTATEMENT (SECOND) OF TORTS, § 433B, cmt. a, at 442 (1965), "[t]he mere possibility of such causation is not enough; and when the matter remains one of pure speculation or

conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant"); *Hersum v. Kennebec Water District*, 151 Me. 256, 263, 117 A.2d 334, 338 (1955) (stating that "[i]f, when examined in the light of the known facts, two or more theories remain equally probable and equally consistent with the evidence, the selection of one to the exclusion of others would rest upon mere surmise and conjecture"). There being no genuine issues of material fact and no evidence of proximate cause, the trial court properly entered a summary judgment in favor of Adamar.

The entry is:

Judgment affirmed.