STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTION
KENNEBEC, ss.                                     DOCKET NO. CV-05-208


BRIAN and DAWN ADDY,

        Plaintiffs

        v.                                        **DECISION AND ORDER**

JENKINS, INC.,

        Defendant


This matter is before the court on defendant Jenkins, Inc.'s motion for summary judgment. In their complaint, plaintiffs, Brian Addy and his wife, Dawn Addy, alleged that on or about October 11, 2002, Brian Addy, a drywaller, was working as a subcontractor for defendant on a construction project on the Bangor campus of the University of Maine. He alleges that on the date in question, plaintiff was applying exterior stucco siding to the building. The defendant provided and erected staging to be used by the plaintiff during the project. Plaintiff complains that defendant did not erect safe staging, did not employ the use of equipment consistent with safety regulations of the Occupational Safety and Health Administration (OSHA), and that as a result of defendant's alleged negligence under such circumstances, plaintiff Brian Addy fell from the staging and suffered injury.[1]

"Where a plaintiff will have the burden of proof on an essential issue at trial, and it is clear that the defendant would be entitled to a judgment as a matter of law at trial if the plaintiff presented nothing more than was before the court at the hearing on the motion for a summary judgment, the court may properly grant a

---

[1] Count II of the complaint asserts a loss of consortium claim on behalf of plaintiff's wife.

defendant's motion for a summary judgment." *Champagne v. Mid-Maine Medical Center,* 1998 ME 87, ¶ 9, 711 A.2d 842, 845. "To avoid a judgment as a matter of law for a defendant, a plaintiff must establish a *prima facie* case for each element of his cause of action." *Fleming v. Gardner,* 658 A.2d 1074, 1076 (Me. 1995). Further, "[a] defendant is entitled to a summary judgment if there is so little evidence tending to show that the defendant's acts or omissions were the proximate cause of the plaintiff's injuries that the jury would have to engage in conjecture or speculation in order to return a verdict for the plaintiff." *Houde v. Millett,* 2001 ME 183, ¶ 11, 787 A.2d 757, 759. "The mere possibility of such causation is not enough, and when the matter remains one of pure speculation or conjecture, or even if the probabilities are evenly balanced, a defendant is entitled to a judgment." *Merriam v. Wanger,* 2000 ME 159, ¶ 8, 757 A.2d 778, 781. Nevertheless, "[t]he question of whether a defendant's acts or omissions were the proximate cause of a plaintiff's injuries is generally a question of fact, and a judgment as a matter of law is improper if any reasonable view of the evidence could sustain a finding of proximate cause." *Houde,* 2001 ME 183 at ¶ 11.

Plaintiff was injured on October 11, 2002, when he fell from a building on the Bangor campus of the University of Maine, where he was working as a subcontractor for defendant Jenkins, Inc. Plaintiff was assigned to apply a stucco type siding to Camden Hall's northwest wall. Defendant was responsible for erecting and safely maintaining the staging. Plaintiff asserts that he fell while climbing down the exterior of the staging. However, the plaintiff does not remember much surrounding the fall.

Defendant argues that it is entitled to summary judgment for two reasons.[2] First, the scaffolding was not complete and that plaintiff knew it would be unsafe to go onto it until it was complete. Further, it is not a violation of recognized standards to have scaffolding missing railings, ladders or platforms until it is complete. Second, the cause of plaintiffs fall is wholly speculative.

Defendant argues that there is no dispute that the scaffolding at issue was incomplete at the time of the accident, that the plaintiff knew this, that he also knew it would be unsafe to go onto the scaffolding before it was complete, and that plaintiff's own liability expert stated that it is not a violation of standards to have scaffolding missing safety components prior to completion. As a result, the plaintiff is unable to establish a prima facie case of negligence.

Plaintiff argues that the defendant admits that it was his responsibility to provide safe scaffolding from which to work. Plaintiff notes that he was assigned by the defendant to work from the scaffolding, that on the first day he was working on it he fell while ascending the frame, reported the fall and told defendant that safety equipment needed to be attached to complete the staging. No more work was ever done to finish the staging. It was four days later that plaintiff fell a second time, resulting in the injuries being complained of. Plaintiff notes that defendant delivered and erected the staging at the work site. Defendant also assigned him a job that required working on the staging, and yet failed to finish the proper construction of the staging. Plaintiff argues that defendant's emphasis on the staging being incomplete, first, proves his negligence, and second, may only have a bearing on comparative negligence.

---

[2] The following six paragraphs report the allegations by the parties in support of their position regarding defendant's motion for summary judgment. The facts found by this court to support the position of each party will be stated consistent with the requirements of M.R. Civ. P. 56.

Defendant's second argument in favor of summary judgment is that the plaintiff cannot recall how he fell. Defendant argues that the plaintiff cannot establish that he fell from the scaffolding, only that it his assumption based on where he landed. Defendant argues that plaintiff has admitted that he may have fallen off of the roof of the adjacent building, or off of the ladder used to access that roof, although he believes he was climbing down the scaffolding. The defendant asserts that such speculative evidence is insufficient to support a finding of causation.

Plaintiff disputes the defendant's inference that the cause of the fall is speculative. Plaintiff argues that even if he does not remember exactly *how* he fell, he does recall that he fell while climbing down the exterior of the three-story staging. While he cannot state what caused his fall, it is more probable than not that having to climb down the side of the scaffolding due to the lack of proper safety equipment was a substantial cause. Plaintiff argues that proximate causation is generally a question for the jury and the test for causation is whether the defendant's negligence was a substantial factor in bringing about the harm. In this case, the defendant attempts to argue that the scaffolding was a work in progress, therefore he had no duty of care. However, the defendant did no more work on the staging, and the plaintiff had been working on the staging for some time with the defendant's knowledge. The defendant was obligated to provide a safe and sturdy platform for the plaintiff and he failed to do so. The plaintiff was forced to climb and carry his materials on the outside of the scaffolding without a harness and a platform to place his materials while climbing. A jury could easily find that the defendant's failure to complete the staging was a substantial factor in the plaintiff's fall, therefore summary judgment must fail.

While the plaintiff is unable to state exactly how he fell, he does provide testimony stating that he fell while attempting to descend down the scaffolding. The evidence does indicate that the scaffolding was incomplete and that the defendant allowed the scaffolding to remain uncompleted. Testimony has been given that the defendant, immediately after visiting the plaintiff in the hospital, returned to the job site and had the staging completed in case an OSHA representative was to investigate. The evidence is pretty clear that the defendant had a duty to construct safe staging and that the staging had remained in the same state of completion for quite some time. The plaintiff has met his burden of establishing a prima facie case of negligence.

The requirements for compliance with support of an opposition to a motion for summary judgment are clearly spelled out in M.R. Civ. P. 56. The rule provides that a movant may defend or move with or without supporting affidavits to oppose the motion for summary judgment or seek summary judgment on his or her own behalf. If there is no genuine issue as to any material fact set forth in the statements and, as a matter of law, a party is entitled to judgment, the motion may be granted and judgment entered.

Subsection (e) of the rule provides that any supporting and opposing affidavits must be based upon personal knowledge, must only present facts that would be admissible in evidence and assert competence to testify. Further, supporting material must present statements that are sworn to and not simply assertions on behalf of a party.

Subsection (h) requires that the motion be supported by a statement of material facts and the opposing statement shall admit, deny or qualify the facts. Such statements

should not contain arguments or reference to other facts. Such other facts may be set forth in separately numbered paragraphs and supported by the record.[3]

It is axiomatic that negligence cannot be presumed from the mere fact that an accident or injury occurred. Instead, there must be specific evidence of negligence. Negligence is the failure to use reasonable care and reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist of doing something that a reasonably careful person would not do under like circumstances or negligence may consist of failing to do something that a reasonably careful person would do under like circumstances. In order for a plaintiff to prevail on a claim of negligence, he must prove by a preponderance of the evidence that the defendant was negligent, that defendant's negligence was a proximate cause of plaintiff's damages, and that plaintiff suffered injuries or damages.

> A plaintiff may under many circumstances be completely unable to remember or recount or explain an accident, but may nevertheless recover if the deficiency is met by other reliable evidence. Such evidence may be direct or circumstantial. It may come from eyewitnesses or known physical facts. It may raise reasonably inferences which satisfy the burden of proof.

*Thompson v. Frankus*, 151 Me. 54, 59, 115 A.2d 718, 720 (1955).

A factfinder cannot base its conclusions upon guess or speculation, but is entitled to draw reasonable inferences, and a verdict will stand if the evidence is such as to justify in the factfinder's mind a reasonable belief or probability of the existence of the material facts. *Id.*, 115 A.2d at 720. Some cases where the plaintiff's inability by his own testimony to make out a case has defeated recovery will disclose that the deficiencies in proof were not supplied by other independent evidence. *Id.*, 115 A.2d at 720.

---

[3] Incomplete depositions and a lack of deposition information referred to in parties' statements of material facts have made it difficult for the court to find support for certain statements.

The facts from admissible evidence presented as part of the summary judgment proceedings cause the court to find that the plaintiff, under contract as a subcontractor to the defendant, was directed by the defendant to apply stucco to the exterior wall of the building under construction. The building was a multi-story building and as part of that wall project, there included a chimney vertical from the roof of the building. On the opposite side of the building, the defendant had completely erected staging for the workmen but in the rear of the building, the scene of this incident, the defendant did not have sufficient equipment and did not complete the staging. If the staging had been complete, it would have had stairs, railings, and platforms. Under that set of circumstances, plaintiff commenced applying the stucco to the walls by first applying a layer of foam for that purpose.

The plaintiff knew the staging was not complete and was observed using the staging to apply the foam on the wall. The plaintiff slipped from the staging and fell the first day of work and told another employee in the presence of the defendant. On the date of the accident, the plaintiff had completed the wall and moved up onto the roof of the building to apply foam to the chimney. Upon completion of that project, he moved to the edge of the roof to step onto the staging but remembers nothing more of the facts except he next realized he was laying on the ground in an injured state.[4]

The issue presented to this court on defendant's motion for summary judgment as to the issue of negligence is whether there is independent evidence of negligence to support the plaintiff's claim in the absence of the plaintiff's explanation of what took place and with no witnesses to the actual fall. It is undisputed that the staging was not complete and had never been complete at that location. It is further undisputed that

---

[4] While the plaintiff has stated in unsworn circumstances that he was climbing down the exterior of the staging, he assumes this to be the case because he has no memory of such activity.

staging is normally erected in phases and that until the staging has been completely constructed, there is no requirement for a stairway and railings.[5] In spite of plaintiff's argument, there is no evidence that defendant instructed or directed the plaintiff to work from an incomplete scaffold. There is agreed evidence that the defendant directed the plaintiff to apply his skills in making applications on a multi-story wall. There is no evidence that the defendant was negligent is expecting the plaintiff to apply the stucco to the multi-level wall by the use of the staging. The issue of negligence seeking to be inferred by the plaintiff is the expectation that the plaintiff would be required to climb up and down the staging by rungs on the exterior end of the structure. The issue then is whether it is negligence for a contractor to expect a subcontractor to work from an incomplete staging.

In *Thompson v. Frankus*, 151 Me. 54, 115 A.2d 718 (1955) there was independent evidence of the failure on the part of the landlord to repair worn and torn linoleum stair cover which was dangerously defective by reason of wear, breaking or decay in an area under the control of the landlord. The court found there was independent evidence of negligence and therefore the directed the verdict at trial was overturned. In *Hersum v. Kennebec Water Dist.*, 151 Me. 256, 117 A.2d 334 (1955), there was substantial independent evidence of circumstances to explain the presence of a volatile propane gas causing an explosion resulting in the death of the plaintiff decedent. This was found sufficient to support a referee's report finding negligence.

In *Cyr v. Adamar Associates Ltd. P'ship*, 2000 ME 110, 752 A.2d 603, the court sustained summary judgment for the defendant where the court found no independent evidence of negligence on the part of a hotel security staff in failing to protect the

---

[5] Plaintiff admits that the lack of platforms did not play a part in his fall.

plaintiff decedent from assault and murder. In *Durham v. HTH Corp.*, 2005 ME 53, 870 A.2d 577, the court found there was no independent evidence of negligence where it was alleged that the plaintiff caught her heel on a metal strip on the top of stairs and affirmed summary judgment for the defendant. In *Houde v. Millett*, summary judgment for the defendant was affirmed where the plaintiff testified as to a substantial amount of soot on the kitchen floor caused by construction activities of the landlord. The court relied upon an issue of causation stating:

> The question of whether a defendant's acts or omissions were the proximate cause of a plaintiff's injuries is generally a question of fact, and a judgment as a matter of law is improper if any reasonable view of the evidence could sustain a finding of proximate cause. Nevertheless, if the evidence produced by the plaintiff in opposition to a motion for summary judgment would, if produced at trial, entitle the defendant to a judgment as a matter of law, the defendant is entitled to summary judgment. A defendant is entitled to a summary judgment if there is so little evidence tending to show that the defendant's acts or omissions were the proximate cause of the plaintiff's injuries that the jury would have to engage in conjecture or speculation in order to return a verdict for the plaintiff. The mere possibility of such causation is not enough, and when the matter remains one of pure speculation or conjecture, or even if the probabilities are evenly balanced, defendant is entitled to a judgment.

*Houde v. Millett*, 2001 ME 183, ¶ 11, 787 A.2d at 759 (citations omitted).

Assuming that the independent evidence of the condition of the staging at the time and place in question violated a duty on the part of the defendant giving rise to its negligence regarding the plaintiff, the court must address approximate cause. "The mere possibility of causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant." *Cyr v. Adamar Associates Ltd. P'ship*, 2000 ME 110, ¶ 8, 752 A.2d at 604-605 (quoting *Champagne v. Mid-Maine Medical Center*, 1998 ME 87, ¶ 10, 711 A.2d 842, 846).

The court must then examine the basic difference between the surmise and conjecture on the one hand and reasonable inferences upon the other. While there are several possible theories to explain the happening of an event, the evidence must be such as to have selective application as to the one adopted by the factfinder. In the absence of direct evidence of an element of causation, a reasonable inference may be drawn under some circumstances from what subsequently occurred. Reasonable inferences may be drawn only when they logically flow from the testimony and from physical facts duly proven to have existed. The factfinder must himself decide whether one of several possible theories is more rationale, logical and probable than the others. "If, when examined in the light of the known facts, two or more theories remain equally probable and equally consistent with the evidence, the selection of one to the exclusion of others would rest upon mere surmise and conjecture." *Hersum v. Kennebec Water Dist.*, 151 Me. 256, 263, 117 A.2d 334, 338 (1955).

Considering the undisputed facts in a light most favorable to the plaintiff, there is no independent evidence that the failure to complete the staging was negligent or that the failure to complete the staging was a direct and proximate cause of plaintiff's injuries.

The entry will be:

> The defendant's motion for summary judgment is GRANTED; judgment for defendant on plaintiff's complaint.

Dated: June 25, 2007

Donald H. Marden
Justice, Superior Court

The court must then examine the basic difference between the surmise and conjecture on the one hand and reasonable inferences upon the other. While there are several possible theories to explain the happening of an event, the evidence must be such as to have selective application as to the one adopted by the factfinder. In the absence of direct evidence of an element of causation, a reasonable inference may be drawn under some circumstances from what subsequently occurred. Reasonable inferences may be drawn only when they logically flow from the testimony and from physical facts duly proven to have existed. The factfinder must himself decide whether one of several possible theories is more rationale, logical and probable than the others. "If, when examined in the light of the known facts, two or more theories remain equally probable and equally consistent with the evidence, the selection of one to the exclusion of others would rest upon mere surmise and conjecture." *Hersum v. Kennebec Water Dist.*, 151 Me. 256, 263, 117 A.2d 334, 338 (1955).

Considering the undisputed facts in a light most favorable to the plaintiff, there is no independent evidence that the failure to complete the staging was negligent or that the failure to complete the staging was a direct and proximate cause of plaintiff's injuries.

The entry will be:

The defendant's motion for summary judgment is GRANTED; judgment for defendant on plaintiff's complaint.

Dated: June ___ 25 ___, 2007

Donald H. Marden
Justice, Superior Court

BRAIN ADDY  - PLAINTIFF                         SUPERIOR COURT
634 NELSON ROAD                                 KENNEBEC, ss.
VASSALBORO ME 04989                             Docket No   AUGSC-CV-2005-00208
Attorney for: BRAIN ADDY
ROBERT STOLT  - RETAINED 08/24/2005
LIPMAN & KATZ & MCKEE, PA                        **DOCKET RECORD**
227 WATER STREET
PO BOX 1051
AUGUSTA ME 04332-1051


DAWN ADDY  - PLAINTIFF
634 NELSON ROAD
VASSALBORO ME 04989
Attorney for: DAWN ADDY
ROBERT STOLT  - RETAINED 08/24/2005
LIPMAN & KATZ & MCKEE, PA
227 WATER STREET
PO BOX 1051
AUGUSTA ME 04332-1051


vs
JENKINS INC - DEFENDANT
P.O. BOX 2323,
LEWISTON ME 04241
Attorney for: JENKINS INC
FREDERICK MOORE  - RETAINED
LAW OFFICE OF FREDERICK MOORE
511 CONGRESS STREET, SUITE 401
PORTLAND ME 04101


Filing Document: COMPLAINT                  Minor Case Type: PROPERTY NEGLIGENCE
Filing Date: 08/24/2005

# Docket Events:
08/24/2005 FILING DOCUMENT - COMPLAINT FILED ON 08/24/2005

08/24/2005 Party(s):  BRAIN ADDY
          ATTORNEY - RETAINED ENTERED ON 08/24/2005
          Plaintiff's Attorney: ROBERT STOLT

08/24/2005 Party(s):  DAWN ADDY
          ATTORNEY - RETAINED ENTERED ON 08/24/2005
          Plaintiff's Attorney: ROBERT STOLT

08/24/2005 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 08/24/2005
          Plaintiff's Attorney:  ROBERT STOLT
          MAILED TO ATTY. OF RECORD

09/06/2005 Party(s):  BRAIN ADDY
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 09/06/2005
          Plaintiff's Attorney:  ROBERT STOLT

09/06/2005 Party(s):  BRAIN ADDY
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 08/25/2005