**FIRST NH BANK**

v.

**Benjamin J. LAWLOR.**

Supreme Judicial Court of Maine.

Argued Nov. 12, 1991.
Decided Jan. 3, 1992.

John B. Emory (orally), Peter W. Green-leaf, Drummond & Drummond, Portland, for plaintiff.

Durward Parkinson (orally), Anthony Perkins, Bernstein, Shur, Sawyer & Nelson, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

Benjamin Lawlor appeals from a summary judgment of the Superior Court (York County, *Brennan, J.*) finding him liable for the balance due on three notes signed by him and others and now held by First NH Bank.[1] By supplemental order on May 6, 1991, the court set the damages at $730,510.69 plus interest accruing after February 4, 1991. Lawlor contests the Superior Court's determination of his liability to the Bank. Because the Superior Court was correct in its decision, we affirm.

The facts giving rise to the dispute are predominantly uncontested. Phyllis M. Perkins, an acquaintance of Lawlor's, sought to develop the Gorges Grant Resort Hotel in Ogunquit, comprised of a luxury resort hotel, condominia, and a four-star restaurant. Perkins approached Lawlor, a local restauranteur, about managing the hotel and restaurant. Later, she called upon him to help in her efforts to secure financing from the Bank.

Eventually, the project floundered and the borrowers defaulted. Perkins and the corporate entities agreed to sell the collateral and apply the proceeds to the notes' balances. Pursuant to a loan workout agreement, they were released from their obligations under the notes. Lawlor consented to the workout agreement, but not to the release of the comakers specifically. The Bank sued Lawlor for the balance due upon the notes.

On its motion for summary judgment, the Bank presented the commitment letter and the notes, both clearly showing Lawlor to be a comaker. Lawlor, by affidavit, denied any role in the loan negotiations. The Bank, through the affidavit of a vice-president, flatly contradicted Lawlor's claim. It is beyond dispute that three notes, for $2,946,000, $275,000 and $211,-300, were signed by Perkins, various corporations controlled by Perkins, and Lawlor. The Superior Court concluded that Lawlor was a comaker, jointly and severally liable for the balance. Lawlor appeals, claiming that he signed the notes not as a maker, but as an accommodation party and is therefore not liable.

---

1. The original payee on the notes was Granite State National Bank, which was succeeded by First NH Banks Granite State before the complaint, and both were named as plaintiffs. First NH Banks Granite State has since been succeeded by First NH Bank, which is the appellee before this Court. In this opinion we use the appellation "the Bank" to refer to whichever financial institution held the Lawlor notes at the pertinent time.

## I.

Lawlor contends, as a preliminary matter, that the Bank's vice-president's affidavit is defective. Because the information in the affidavit was not required to resolve the Bank's motion for summary judgment, we decline to reassess the affidavit's viability. All that remains is to apply the correct legal principles to the facts as they appear in the documents and Lawlor's affidavit.

## II.

The Bank has presented a *prima facie* case against Lawlor. The commitment letter and notes, themselves, show Lawlor as a comaker. If this was the sole evidence before it, the Superior Court would have been justified in holding Lawlor liable on the notes. Lawlor contends that his affidavit raises genuine issues of material fact concerning his affirmative defenses and precludes summary judgment.

Lawlor generates no genuine issue of fact concerning his status as an accommodation party. "An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it." 11 M.R.S.A. § 3–415(1). We have held that one may be considered an accommodation party even if he signs as a maker. *Maine National Bank v. Fontaine*, 456 A.2d 1273, 1275 (Me.1983). Lawlor's affidavit[2], however, suggests that he was uncertain of his own role, and that he expected to benefit from the loans, an indication that he was not an accommodation party. *See* J. White & R. Summers, I *Uniform Commercial Code* § 13–14, p. 660 (3d ed. 1988) (receipt of proceeds or direct benefit from the transaction inconsistent with accommodation status). Lawlor's affidavit reveals that he expected employment, a bonus and ownership in the enterprise.

Because the decision of the Superior Court was correct regardless of the treatment of the Bank's affidavit, we affirm that decision. *See Procise v. Electric Mutual Liability Ins. Co.*, 494 A.2d 1375 (Me.

1985) (grant of summary judgment upheld regardless of reasoning if result is correct).

The entry is:

Judgment affirmed.

All concurring.

---

**2.** Lawlor was entitled to introduce extrinsic evidence of his alleged accommodation party status because the bank does not qualify as a holder in due course. *See* 11 M.R.S.A. § 3–415(3) (1964).