2001 ME 183

**Cheryl HOUDE**

v.

**Alexander MILLETT.**

Supreme Judicial Court of Maine.

Argued: Nov. 7, 2001.
Decided: Dec. 31, 2001.

David Kreisler, Esq., (orally), Daniel G. Lilley, Esq., Daniel G. Lilley Law Offices, P.A., Portland, for plaintiff.

Jonathan W. Brogan, Esq., (orally), Norman, Hanson & DeTroy, LLC, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

CLIFFORD, J.

[¶ 1] Cheryl Houde appeals from a summary judgment entered in the Superior Court (York County, *Fritzsche, J.*) in favor of Alexander Millett. Houde sued Millett to recover damages for injuries she suffered when she slipped and fell in the kitchen of an apartment owned by Millett. Although for reasons different than those on which the Superior court relied, we affirm the judgment of the Superior Court.

[¶ 2] Millett owns an apartment building in Biddeford. He rented the first floor unit to Gary Desmarais, who is a friend of Houde. Desmarais had access to and use of the building's basement, which he used for storage. The only way to access the basement was through stairs leading down from Desmarais's kitchen.

[¶ 3] Desmarais was a merchant–marine, so he often was away from home for long periods of time. Houde, who cared for Desmarais's son, usually stayed in the apartment when Desmarais was gone. Houde also routinely did most of the housekeeping, which included cleaning the kitchen floor.

[¶ 4] In September of 1998, Millett hired a chimney lining company to line the chimney leading from the building's furnace. The furnace was located in the basement, and to reach it the chimney workers had to cross over the portion of the basement leased to Desmarais.[1] The chimney workers hired by Millett left a large amount of soot on the basement floor, and this soot was frequently tracked up to the kitchen of the apartment. The soot caused the kitchen floor to be slippery, and Houde says that she told Millett fifteen or twenty times that the soot in the basement needed to be cleaned.

[¶ 5] On Christmas Eve of 1998, when Houde was visiting relatives, there was an incident involving Desmarais's son that caused an unusually large amount of soot to be tracked into the kitchen. When Houde returned to the apartment on January 5, 1998, she found that soot had been tracked all over the kitchen floor and proceeded to clean it up.

[¶ 6] Houde spent that night in the apartment. The next morning she was sitting in a chair in the kitchen alone. She got up, took two steps, and slipped. Her leg got caught in a chair and broke in several places, requiring surgery.

[¶ 7] Houde did not see any soot on the floor the morning that she fell, and no one else testified that they had seen any soot after the accident. Houde's basis for believing that soot on the kitchen floor caused her to fall is a smudge that looked like a soot stain that she later found on the knee of the pajamas she had been wearing when she fell. Because she could not think of any other way soot would have wound up on her pajamas, she concluded that the stain must have been caused by some soot that she had missed when she had cleaned up the kitchen the night before.

---

1. The furnace, which served the entire building, was located in the basement, but it is not clear from the record whether Millett retained control over the portion of the basement where the furnace was located, or whether Millett had a right of access through Desmarais's apartment and his portion of the basement.

[¶ 8] The Superior Court granted Millett's motion for summary judgment and Houde's appeal to this Court followed.

■ [¶ 9] In entering summary judgment in favor of Millett, the Superior Court relied on the rule of *Nichols v. Marsden,* 483 A.2d 341, 343 (Me.1984), that a landlord is generally not liable for a defective condition in a part of the premises under the tenant's exclusive control, and the fact that the injury occurred in the kitchen, an area under tenant Desmarais's exclusive control. Our review of a summary judgment is not limited to reviewing the reasoning of the Superior Court, however. We can affirm a summary judgment for reasons different from those relied on by the Superior Court. *Marxsen v. Bd. of Dir., M.S.A.D. # 5,* 591 A.2d 867, 872 (Me. 1991) (separate holding overruled, *Underwood v. City of Presque Isle,* 1998 ME 166, ¶ 22, 715 A.2d 148, 155) (appellate court has authority to affirm a decision on rationale different from that relied on by trial court); *accord First NH Bank v. Lawlor,* 600 A.2d 1120, 1121 (Me.1992); *Lester v. Powers,* 596 A.2d 65, 68 n. 4 (Me.1991); *Mueller v. Penobscot Valley Hosp.,* 538 A.2d 294, 298 (Me.1988).

■ [¶ 10] In order to recover for damages in a cause of action for negligence or for any other tort, a plaintiff must establish that "there be some reasonable connection between the act or omission of the defendant and the damage which the plaintiff has suffered." *Crowe v. Shaw,* 2000 ME 136, ¶¶ 8–9, 755 A.2d 509, 512 (quoting WILLIAM L. PROSSER, THE LAW OF TORTS § 41, at 236 (4th ed.1971)).

■ [¶ 11] The question of whether a defendant's acts or omissions were the proximate cause of a plaintiff's injuries is generally a question of fact, and a judgment as a matter of law is improper if any reasonable view of the evidence could sustain a finding of proximate cause. *Kaechele v. Kenyon Oil Co., Inc.,* 2000 ME 39,

¶ 17, 747 A.2d 167, 173. Nevertheless, if the evidence produced by the plaintiff in opposition to a motion for summary judgment would, if produced at trial, entitle the defendant to a judgment as a matter of law, the defendant is entitled to a summary judgment. *Corey v. Norman, Hanson & DeTroy,* 1999 ME 196, ¶ 7, 742 A.2d 933, 937–38. A defendant is entitled to a summary judgment if there is so little evidence tending to show that the defendant's acts or omissions were the proximate cause of the plaintiff's injuries that the jury would have to engage in conjecture or speculation in order to return a verdict for the plaintiff. *Merriam v. Wanger,* 2000 ME 159, ¶ 10, 757 A.2d 778, 781. "The mere possibility of such causation is not enough, and when the matter remains one of pure speculation or conjecture, or even if the probabilities are evenly balanced, a defendant is entitled to a judgment." *Id.* ¶ 8, 757 A.2d at 781.

■ [¶ 12] Houde has failed to present sufficient evidence to support a finding by a factfinder that it was soot that caused her to slip. Houde testified that soot was frequently tracked from the basement to the kitchen, and that when on the kitchen floor, the floor was slippery. Houde also testified that there was soot on the kitchen floor the night before she slipped, but she further testified that she thought she had cleaned it up entirely the night before. Such evidence might establish that it is *possible* that it was soot that Houde slipped on, but is insufficient to support a finding to that effect. The only evidence that Houde has advanced to support the inference that she slipped on soot was a dark smudge that looked like soot that she found on the knee of her pajamas several days after her fall. She acknowledges that neither she nor anyone else had seen any soot on the floor of the kitchen on the morning of her accident or immediately

following her fall. Absent some evidence more directly establishing that the soot was the cause of her fall, a factfinder could not reasonably conclude, without engaging in speculation, that it was soot that caused Houde to slip. *Cf. Cyr v. Adamar Assocs. Ltd. P'ship,* 2000 ME 110, ¶ 7, 752 A.2d 603, 604 (in action against hotel owner for inadequate security, even though it might be reasonable to assume that victim was forced to leave hotel with her attacker, plaintiff could not establish proximate cause without some evidence to negate possibility that victim went with attacker voluntarily); *Merriam,* ¶ 16, 757 A.2d at 782 (evidence in medical malpractice action establishing that medical services had been performed negligently and that the negligence could have caused the injury insufficient absent evidence excluding other potential causes of injury). Accordingly, Houde's evidence is insufficient as a matter of law to support a finding that the defendant's negligence was the proximate cause of her injuries. Because Houde has failed to present sufficient evidence as to the proximate cause of her injuries, we do not reach the issue of whether the *Nichols* rule would apply to otherwise bar liability of the landlord Millett because the injury occurred in the kitchen, an area under the control of the tenant.

The entry is:

Judgment affirmed.