STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, SS.                           CIVIL ACTION
                                        DOCKET NO. CV-08-182
                                        D#M KEN 10 5/2009

PAUL BOOKER,

        Plaintiff

        v.                                      ORDER

FOUR SEASONS JANITORIAL
CONTRACTOR, INC. et al.,

        Defendants


        This matter is before the court on defendant Four Season Janitorial Contractor,

Inc.'s motion for summary judgment.[1] In his complaint, plaintiff alleged that defendant

maintained and provided services to the Bank of America premises (formerly Fleet

Bank) located at 33 Main Street, Waterville, Maine, and that plaintiff, on January 14,

2005, while lawfully on the premises and while exercising due care and caution for his

own safety, fell on the stairs in the Bank of America premises located at 33 Main Street,

Waterville. He alleges that his injuries and damages were caused solely by and were

the direct and proximate result of negligent acts of the defendant. Most specifically,

plaintiff asserts that the defendants allowed to exist and did not take reasonable

measures to rectify a dangerous condition located on the stairs, failure to abate a

nuisance, allowing the existence of a dangerous slippery condition on the stairs, failure

to properly inspect the property, and failure to maintain the stairs in conformance with

recognized standards of safety and otherwise being negligent under law.

---

[1] Unicco Service Company was initially named a defendant and filed the original motion for summary judgment. Defendant Four Seasons also moved for summary judgment, incorporating Unicco's statement of material fact. Sometime later, a Rule 41(a) dismissal was entered as to Unicco. Four Seasons remains a party.

The defendant's motion for summary judgment argues that such judgment is warranted because the undisputed facts establish that the defendant is entitled to judgment as a matter of law and that there is no evidence that the defendant breached any duty owed to the plaintiff.

The respective statements of material fact reveal that on the morning of January 14, 2005, plaintiff, in accordance with his managerial responsibilities to the Bank, was inside the Bank of America at 33 Main Street in Waterville. While preparing to open the Bank and unlock the rear entrance door for the Bank patrons, he slipped on the top of the stairs that descend to the rear entrance and fell. In the defendant's statement, he states that plaintiff does not know "actually what caused [his] fall." (*Citing* plaintiff's dep.) Plaintiff responds that while plaintiff said that he did not notice any foreign substances, he knew the floors were slippery due to cleaning residue. In response to defendant's statement that the plaintiff testified that there were no foreign substances on the stairway or in the area of the fall on the date of the accident, the plaintiff responds that his deposition testimony did not say there "were no foreign substances on the stairway or in the area of the fall on the day of the accident," rather, the plaintiff testified that he did not notice any foreign substances. He seeks to establish that there is a difference between "there was none" and he did not notice any. The statements agree that the plaintiff did not see any residue or moisture on the stairs or in the area of the fall on the date of the accident.

To defendant's statement that no witnesses saw any foreign substance, residue, or moisture on the stairs or in the area of the fall on the day of the accident, the plaintiff responds that one witness had no recollection of whether the floors were wet or dry and no recollection of any foreign substances, another witness had no knowledge as to why the plaintiff fell or what caused him to fall, and a third witness testified she was not

2

aware of whether or not the floors were wet with any substance or any substance being on the ground. To the statement of the defendant that no one knows what caused the plaintiff's fall, the plaintiff responds that while he said he did not notice any foreign substances, he knew the floors were slippery due to cleaning residue.

Defendants supplied a supplemental statement of material fact in which he asserts the defendants were notified that customers were slipping on the floor, that his foot slipped out from under him because the floor was slippery, that the floor was not slippery because of water on the tile floor, that it was slippery because of residue left on the floor by the cleaners, and the defendant acknowledged that there was a problem with the slippery condition of the floors and certain conversations had taken place constituting notice to the defendants. These statements refer to plaintiff's deposition, his affidavit and his answers to interrogatories.

As to notification to the defendant of the dangerous condition, plaintiff describes a conversation with a third party in which he understood that other conversations had taken place with the defendant. He claims he has no knowledge as to the individual's relation to either of the defendants.

In his deposition of November 10, 2008, plaintiff testified that he did not notice any foreign substances in the stairway after he fell, nor was there any moisture on the stairs, and he did not remember any residue on the floors on the day of the accident. The response to the question, "Did you observe anything about the stairs where you fell at any time either when you fell or when you went back up?" His response was "No, not that I remember." The next question was, "Do you recall looking at the ground in that general area to see how it was that you had fallen?" His response was, "I don't remember." Later in the interrogatories the defendant stated that his information with respect to a white residue ostensibly from a deicing compound was received from

3

another employee who heard it from a third contractor. Then, the plaintiff was asked, "Mr. Booker, since you didn't see any residue on the stairs or near the area where you fell on the date of your fall, do you have any reason to believe that it was actually residue that caused you to fall?" The plaintiff's response under oath was, "I would say I'm not sure actually what caused my fall."

Plaintiff answered interrogatories on September 30, 2008. He testified in a deposition on November 30, 2008. In opposition to defendant's motion for summary judgment, he filed an affidavit dated July 31, 2009. Notwithstanding his testimony in the deposition and answers, his affidavit asserts that the floor was slippery because of an unidentified cleaning process leaving residue on the floor and that the subject had been discussed with the defendants. In spite of his testimony that he saw no residue on the surface he slipped on, his affidavit insists it was the residue which created the dangerous condition. The court declines to find material issues of fact based on an affidavit which is inconsistent with sworn testimony and sworn answers.

The defendant is entitled to a summary judgment in its favor if the evidence presented by the plaintiff in opposition to a motion for summary judgment would, if produced at trial, entitle defendant to a judgment as a matter law. *Addy v. Jenkins, Inc.*, 2009 ME 246, 969 A.2d 935. The first matter that must be established is the presence of negligence. While the plaintiff has speculated that the condition of the floor was caused from a residue of deicing compound brought in from the parking lot, the plaintiff has unequivocally established that he did not see any white residue in the area of his fall. In the presence of lack of direct evidence of notification to the defendant that it was creating a slippery condition in its treatment of the deicing compound, it must then consider whether there is evidence of a dangerous condition.

4

The defendant relies on *Houde v. Millett*, 2001 ME 183, 787 A.2d 757. In that case, the plaintiff asserted that chimney soot on the kitchen floor presented a slippery condition causing her to fall and receive injuries. There was evidence that such soot had been present on the floor at some previous time but the plaintiff stated she cleaned the floor before her fall. She relied solely on having found some evidence of soot on the knee of her pajamas that she had been wearing to establish that the soot caused the fall. The Court found that the plaintiff had failed to present sufficient evidence to support a finding by the fact finder that it was soot that caused her to slip. It further notes that "she acknowledges that neither she nor anyone else had seen any soot on the floor of the kitchen on the morning of her accident or immediately following her fall. Absent some evidence more directly establishing that the soot was the cause of her fall, a fact finder cannot reasonably conclude, without engaging in speculation that it was soot that caused her to slip." *Houde v. Millett, 2001 Me. 183; 787 A.2d 760.* Also noteworthy is *Durham v. HP Corp.*, 2005 ME 53, 870 A.2d 577.

It is clear that a plaintiff may under many circumstances be completely unable to remember or account or explain an accident, but nevertheless recover if the deficiency is met by other reliable evidence. The issue is one of probability versus possibility. In the dissent in *Addy v. Jenkins*, 2009 ME 246, 969 A.2d 935, the analysis indicates that where an inference is rational and flows logically from the evidence, it may be considered by the fact finder. The analysis goes on to say that if there are multiple reasonable inferences, and they are not equally probably, the fact finder may consider them. It is only if the inferences are equally probable that evidence is speculative." *Addy v. Jenkins*, 2009 A.2d 246, 969 at 940.

In the present instance, at the time of the injury, there is no evidence that the unseen residue was a more probable cause than any other of the accident.

5

The entry will be:

Defendant's motion for summary judgment is  GRANTED.


DATED:    10 - 5 - 09


_____
Donald H. Marden
Active Retired Justice

Attorney for: PAUL BOOKER
C DONALD BRIGGS  - RETAINED 05/27/2008
BRIGGS & COUNSEL
815 COMMERCIAL STREET
ROCKPORT ME 04856

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CV-2008-00182

**DOCKET  RECORD**

vs
FOUR SEASONS JANITORIAL CONTRACTOR INC - DEFENDANT
1 THOMAS DRIVE,
WATERVILLE ME 04901
Attorney for: FOUR SEASONS JANITORIAL CONTRACTOR INC
HUMPHREY HN JOHNSON  - RETAINED
LAW OFFICE OF GERARD FOURNIER
27 PEARL STREET
PO BOX 7109
PORTLAND ME 04112-7109


UNICCO SERVICE COMPANY   DISMISSED - DEFENDANT
ONE PORTLAND SQUARE,
PORTLAND ME 04101
Attorney for: UNICCO SERVICE COMPANY   DISMISSED
ELIZABETH GERMANI  - RETAINED
GERMANI MARTEMUCCI  RIGGLE & HILL
43 DEERING STREET
PORTLAND ME 04101


Filing Document: COMPLAINT                    Minor Case Type: PROPERTY NEGLIGENCE
Filing Date: 05/27/2008

## Docket Events:

05/27/2008 FILING DOCUMENT - COMPLAINT FILED ON 05/27/2008

05/27/2008 Party(s):  PAUL BOOKER
           ATTORNEY - RETAINED ENTERED ON 05/27/2008
           Plaintiff's Attorney: C DONALD BRIGGS

05/27/2008 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 05/27/2008
           MAILED TO ATTY BRIGGS

06/04/2008 Party(s):  FOUR SEASONS JANITORIAL CONTRACTOR INC
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 05/27/2008
           Plaintiff's Attorney:  C DONALD BRIGGS
           THOMAS GRANT SERVED IN HAND FOR FOUR SEASONS JANITORIAL ON 5/27/08 BY A    CIVIL DEPUTY.

06/04/2008 Party(s):  UNICCO SERVICE COMPANY  DISMISSED
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 05/28/2008
           Plaintiff's Attorney:  C DONALD BRIGGS
           WILLIAM RICHARDSON ADMIN ASST SERVED IN HAND ON 5/28/08 FOR UNICCO SERVICE CO.

06/16/2008 Party(s):  FOUR SEASONS JANITORIAL CONTRACTOR INC
           ATTORNEY - RETAINED ENTERED ON 06/13/2008
           Defendant's Attorney: HUMPHREY HN JOHNSON

06/16/2008 Party(s): FOUR SEASONS JANITORIAL CONTRACTOR INC
RESPONSIVE PLEADING - ANSWER FILED ON 06/16/2008
Defendant's Attorney: HUMPHREY HN JOHNSON

06/16/2008 Party(s): UNICCO SERVICE COMPANY   DISMISSED
ATTORNEY - RETAINED ENTERED ON 06/16/2008
Defendant's Attorney: ELIZABETH GERMANI

06/16/2008 Party(s): UNICCO SERVICE COMPANY   DISMISSED
RESPONSIVE PLEADING - ANSWER FILED ON 06/16/2008
Defendant's Attorney: ELIZABETH GERMANI
UNICCO SERVICE CO'S ANSWER.

06/16/2008 Party(s): UNICCO SERVICE COMPANY   DISMISSED
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/16/2008
Defendant's Attorney: ELIZABETH GERMANI
DEF UNICCO SERVICE DO FIRST SET OF INTERRAGTORIES TO PLT AND FIRST REQUEST  FOR DOCUMENTS
TO PLT SERVED ON ATTY BRIGGS ON 6/1/08.

06/18/2008 Party(s): PAUL BOOKER
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/18/2008
Plaintiff's Attorney:  C DONALD BRIGGS
PLAINTIFF'S REVISED REQUEST FOR PRODUCTION OF DOCUMENTS TO FOUR SEASONS AND UNICCO
SERVICE, PLAINTIFF'S REVISED INTERROGATORIES TO FOUR SEASONS AND UNIICO SERVICE SERVED ON
HUMPHREY JOHNSON, ESQ. AND ELIZABETH GERMANI, ESQ. ON 6/17/08.

06/19/2008 Party(s):  FOUR SEASONS JANITORIAL CONTRACTOR INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/18/2008
Defendant's Attorney: HUMPHREY HN JOHNSON
DEF'S INTERROGATORIES TO PLT, REQUEST FOR DOCUMENTS TO PLT, DEF'S PRELIMINARY EXPERT
DESIGNATION OF PLT AND DEF'S NOTICE OF ORAL DEPOSITION OF PLT PAUL BOOKER SERVED ON ATTY
BRIGGS ON 6/16/08.

06/25/2008 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 02/25/2009

ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 06/25/2008
JOSEPH M JABAR , JUSTICE

06/25/2008 ORDER - SCHEDULING ORDER ENTERED ON 06/25/2008
JOSEPH M JABAR , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL

08/14/2008 Party(s): UNICCO SERVICE COMPANY   DISMISSED
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/11/2008
Defendant's Attorney: ELIZABETH GERMANI
DEFENDANT UNICCO SERVICE CO.'S ANSWERS TO PLAINTIFF'S REVISED INTERROGATORIES; DEFENDANT
UNICCO SERVICE CO.'S RESPONSES TO PLAINTIFF'S REVISED REQUESTFOR PRODUCTION OF DOCUMENTS
SERVED ON C. DONALD BRIGGS, III, ESQ. ON 8/8/08.

08/27/2008 Party(s): FOUR SEASONS JANITORIAL CONTRACTOR INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/27/2008

Defendant's Attorney: HUMPHREY HN JOHNSON
AMENDED NOTICE OF ORAL DEPOSITION OF PAUL BOOKER SERVED ON ATTY BRIGGS AND GERMANI ON
8/26/08.

09/03/2008 Party(s): PAUL BOOKER
ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 08/26/2008
Plaintiff's Attorney: C DONALD BRIGGS

09/03/2008 Party(s): PAUL BOOKER
LETTER - FROM PARTY FILED ON 08/26/2008
Plaintiff's Attorney: C DONALD BRIGGS
COMPLETION FOR ADR 12/20/08

09/09/2008 Party(s): PAUL BOOKER
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 09/09/2008
Plaintiff's Attorney: C DONALD BRIGGS
RESPONSE OF PLAINTIFF TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANT UNCCO
SERVICE COMPANY AND PLAINTIFF'S RESPONSE TO INITIAL REQUEST FOR PRODUCTION OF DOCUMENTS BY
THE DEFENDANT FOUR SEASONS JANITORIAL CONTRACTOR, INC. SERVED ON HUMPHREY H.N. JOHNSON,
ESQ. AND ELIZABETH A GERMANI, ESQ. ON 9/8/08.

09/26/2008 Party(s): FOUR SEASONS JANITORIAL CONTRACTOR INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 09/26/2008
Defendant's Attorney: C DONALD BRIGGS
NOTICE TO TAKE ORAL DEPOSITION OF DEFENDANT FOUR SEASONS JANITORIAL CONTRACTOR, INC.
SERVED ON HUMPHREY H.N. JOHNSON, ESQ. AND ELIZABETH A GERMANI, ESQ. ON 9/24/08.

10/06/2008 Party(s): PAUL BOOKER
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/06/2008
Plaintiff's Attorney: C DONALD BRIGGS
ANSWER TO PLT'S FIRST SET OF INTERROGATORIES FROM DEF UNICCO SERVICE CO AND ANSWER TO PLT
TO INITIAL INTERROGATORIES FROM DEF FOUR SEASONS JANITORIAL CONTRACTOR, INC SERVED ON ATTY
JOHNSON AND GERMANI ON 10/2/08.

10/07/2008 Party(s): PAUL BOOKER
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/03/2008
Plaintiff's Attorney: C DONALD BRIGGS
PLT'S DESIGNATION OF EXPERT WITNESSES AND RULE 26 (B)(4) DISCLOSURE SERVED ON ATTY JOHNSON
AND GERMANI ON 10/2/08.

10/14/2008 Party(s): FOUR SEASONS JANITORIAL CONTRACTOR INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/07/2008
Defendant's Attorney: HUMPHREY HN JOHNSON
FIRST AMENDED NOTICE OF ORAL DEPOSITION OF PLAINTIFF PAUL BOOKER SERVED ON C. DONALD
BRIGGS, III, ESQ. AND ELIZABETH GERMANI, ESQ. ON 10/6/08.

10/14/2008 Party(s): PAUL BOOKER
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/07/2008
Plaintiff's Attorney: C DONALD BRIGGS
AMENDED NOTICE TO TAKE ORAL DEPOSITION OF DEFENDANT FOUR SEAONS JANITORIAL CONTRACTOR,
INC. PURSUANT TO M.R.CIV.P. 30(B0(6) SERVED ON HUMPHREY H.N. JOHNSON, ESQ. AND ELIZABETH A
GERMANIA, ESQ. ON 10/6/08.

10/20/2008 Party(s): PAUL BOOKER
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/14/2008
Plaintiff's Attorney: C DONALD BRIGGS
NOTICE TO TAKE ORAL DEPOSITION OF DEFENDANT UNICCO SERVICE COMPANY PURSUANT TO M.R.CIV.P.
30(B)(6) SERVED ON HUMPHREY H.N. JOHNSON, ESQ. AND ELIZABETH A GERMANI, ESQ. ON 10/9/08

11/10/2008 Party(s): FOUR SEASONS JANITORIAL CONTRACTOR INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/10/2008
Defendant's Attorney: HUMPHREY HN JOHNSON
DEFENDANT FOUR SEASONS JANITORIAL CONTRACTORS, INC.'S ANSWERS TO PLAINTIFF'S REVISED
INTERROGATORIES AND DEFENDANT'S FOUR SEASONS JANITORIAL CONTRACTORS, INC.'S RESPONSES TO
PLAINTIFF'S REVISED REQUEST FOR PRODUCTION OF DOCUMENTS SERVED ON C. DONALD BRIGGS, II,
ESQ. ON 11/6/08.

12/24/2008 Party(s): PAUL BOOKER
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 12/16/2008
Plaintiff's Attorney: C DONALD BRIGGS
AMENDED NOTICE TO TAKE ORAL DEPOSITON OF DEFENDANT FOUR SEASONS JANITORIAL CONTRACTOR,
INC. AND AMENDED NOTICE TO TAKE ORAL DEPOSITION OF DEFENDANT UNICCO SERVICE COMPANY SERVED
ON HUMPHREY H .N. JOHNSON, ESQ. AND ELIZABETH A GERMANI, ESQ. ON 12/15/08.

12/26/2008 Party(s): UNICCO SERVICE COMPANY   DISMISSED
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 12/22/2008
Defendant's Attorney: ELIZABETH GERMANI
DEFENDANT UNICCO SERVICE CO.'S EXPERT DESIGNATION SERVED ON C DONALD BRIGGGS, III, ESQ. ON
12/18/08.

02/02/2009 Party(s): FOUR SEASONS JANITORIAL CONTRACTOR INC
JURY FILING - DEMAND FOR JURY TRIAL FILED ON 01/30/2009
Defendant's Attorney: HUMPHREY HN JOHNSON
JURY FEE PAID IN THE AMOUNT OF $300.00

02/19/2009 Party(s): UNICCO SERVICE COMPANY   DISMISSED
MOTION - MOTION EXTEND DISCOVERY FILED ON 02/19/2009
Defendant's Attorney: ELIZABETH GERMANI
WITH PROPOSED ORDER

02/19/2009 Party(s): UNICCO SERVICE COMPANY   DISMISSED
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 02/19/2009
Defendant's Attorney: ELIZABETH GERMANI
TO EXTEND ADR DEADLINE WITH PROPOSED ORDER.

02/24/2009 Party(s): UNICCO SERVICE COMPANY   DISMISSED
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 02/19/2009
JOSEPH M JABAR , JUSTICE
COPIES TO PARTIES/COUNSEL

03/11/2009 HEARING - TRIAL MANAGEMENT CONFERENCE SCHEDULED FOR 04/21/2009 @ 10:00  in Room No.  2
NOTICE TO PARTIES/COUNSEL

03/11/2009 TRIAL - TRAILING LIST SCHEDULED FOR 04/09/2009

03/16/2009 Party(s): FOUR SEASONS JANITORIAL CONTRACTOR INC

MOTION - MOTION TO CONTINUE FILED ON 03/16/2009
Defendant's Attorney: HUMPHREY HN JOHNSON

03/16/2009 Party(s): FOUR SEASONS JANITORIAL CONTRACTOR INC
MOTION - MOTION TO CONTINUE GRANTED ON 03/16/2009
JOSEPH M JABAR , JUSTICE
COPIES TO PARTIES/COUNSEL                                          CONTINUED TO
NEXT TRIAL LIST.

03/16/2009 TRIAL - TRAILING LIST NOT REACHED ON 03/16/2009
CONTINUED

03/16/2009 HEARING - TRIAL MANAGEMENT CONFERENCE CONTINUED ON 03/16/2009
CONTINUED TO NEXT TRIAL LIST.

05/07/2009 HEARING - TRIAL MANAGEMENT CONFERENCE SCHEDULED FOR 06/04/2009 @ 8:45  in Room No.  2
NOTICE TO PARTIES/COUNSEL

05/07/2009 HEARING - TRIAL MANAGEMENT CONFERENCE NOTICE SENT ON 05/07/2009

05/07/2009 TRIAL - TRAILING LIST SCHEDULED FOR 07/06/2009

05/15/2009 Party(s): PAUL BOOKER
ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 05/15/2009
Plaintiff's Attorney:  C DONALD BRIGGS
MEDIATION SCHEDULED FOR 6/29/09

05/28/2009 Party(s): UNICCO SERVICE COMPANY   DISMISSED
MOTION - MOTION SUMMARY JUDGMENT FILED ON 05/28/2009
STATEMENT OF UNDISPUTED MATERIAL FACTS, PROPOSED ORDER AND REQUEST FOR THEARING.

05/29/2009 Party(s): UNICCO SERVICE COMPANY   DISMISSED
OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 05/29/2009
Defendant's Attorney: ELIZABETH GERMANI

06/01/2009 Party(s): UNICCO SERVICE COMPANY   DISMISSED
MOTION - MOTION SUMMARY JUDGMENT FILED ON 06/01/2009
Defendant's Attorney: ELIZABETH GERMANI
AMENDED MOTION

06/01/2009 Party(s): UNICCO SERVICE COMPANY   DISMISSED
JURY FILING - PROPOSED VOIR DIRE FILED ON 06/01/2009
Defendant's Attorney: ELIZABETH GERMANI

06/01/2009 Party(s): UNICCO SERVICE COMPANY   DISMISSED
JURY FILING - PROPOSED JURY INSTRUCTIONS FILED ON 06/01/2009
Defendant's Attorney: ELIZABETH GERMANI

06/01/2009 Party(s): UNICCO SERVICE COMPANY   DISMISSED
JURY FILING - PROPOSED SPECIAL VERDICT FORM FILED ON 06/01/2009
Defendant's Attorney: ELIZABETH GERMANI

06/01/2009 Party(s): UNICCO SERVICE COMPANY   DISMISSED

MOTION - MOTION IN LIMINE FILED ON 06/01/2009
Defendant's Attorney: ELIZABETH GERMANI
TO EXCLUDE TESTIMONY OF PLAINTIFF AND THE BANK EMPLOYEES REGARDING THE CAUSE OF
PLAINTIFF'S FALL WITH PROPOSED ORDER.

06/03/2009 Party(s): PAUL BOOKER
OTHER FILING - WITNESS LIST FILED ON 06/03/2009
Plaintiff's Attorney: C DONALD BRIGGS

06/03/2009 Party(s): PAUL BOOKER
OTHER FILING - EXHIBIT LIST FILED ON 06/03/2009
Plaintiff's Attorney: C DONALD BRIGGS

06/05/2009 TRIAL - TRAILING LIST NOT REACHED ON 06/04/2009
CONTINUED TO SEPTEMBER LIST.

06/05/2009 HEARING - TRIAL MANAGEMENT CONFERENCE HELD ON 06/04/2009
JOSEPH M JABAR , JUSTICE
Defendant's Attorney: ELIZABETH GERMANI
Plaintiff's Attorney: C DONALD BRIGGS

06/05/2009 ORDER - PRETRIAL/STATUS ENTERED ON 06/04/2009
JOSEPH M JABAR , JUSTICE
"CONFERENCE ORDER FILED: CASE SET FOR TRIAL ON SEPTEMBER LIST.        COPIES TO
PARTIES/COUNSEL

06/05/2009 Party(s): FOUR SEASONS JANITORIAL CONTRACTOR INC
OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 06/04/2009
Defendant's Attorney: HUMPHREY HN JOHNSON

06/18/2009 Party(s): FOUR SEASONS JANITORIAL CONTRACTOR INC
MOTION - MOTION SUMMARY JUDGMENT FILED ON 06/18/2009
Defendant's Attorney: HUMPHREY HN JOHNSON
REVISED MOTION

07/06/2009 ORDER - REPORT OF ADR CONF/ORDER FILED ON 07/06/2009
Defendant's Attorney: HUMPHREY HN JOHNSON
Plaintiff's Attorney: C DONALD BRIGGS

07/06/2009 ORDER - REPORT OF ADR CONF/ORDER UNRESOLVED ON 07/06/2009

07/06/2009 Party(s): PAUL BOOKER
MOTION - MOTION TO DISMISS FILED ON 07/06/2009
Plaintiff's Attorney: C DONALD BRIGGS
WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING

07/06/2009 Party(s): UNICCO SERVICE COMPANY   DISMISSED
FINDING - PARTIAL DISMISSED W/ PREJUDICE ENTERED ON 07/06/2009
Defendant's Attorney: ELIZABETH GERMANI
Plaintiff's Attorney: C DONALD BRIGGS
S/HUMPHREY JOHNSON, ESQ.

07/06/2009 ORDER - REPORT OF ADR CONF/ORDER ENTERED ON 07/06/2009

JOSEPH M JABAR , JUSTICE
"REPORT OF ADR CONFERENCE FILE. CASE IS UNRESOLVED. ORDER/JUDGMENT ENTERED COPIES TO
PARTIES/COUNSEL

07/06/2009 Party(s):  PAUL BOOKER
MOTION - MOTION TO DISMISS GRANTED ON 07/06/2009
JOSEPH M JABAR , JUSTICE
COPIES TO PARTIES/COUNSEL

07/09/2009 Party(s):  PAUL BOOKER
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 07/09/2009
Plaintiff's Attorney:  C DONALD BRIGGS
FOR FILING RESPONSIVE PLEADINGS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT WITH PROPOSED
ORDER.

07/14/2009 Party(s):  PAUL BOOKER
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 07/09/2009
JOSEPH M JABAR , JUSTICE
COPIES TO PARTIES/COUNSEL

08/04/2009 TRIAL - TRAILING LIST SCHEDULED FOR 09/17/2009 @ 8:30  in Room No.  2

08/04/2009 TRIAL - TRAILING LIST NOTICE SENT ON 08/04/2009

08/04/2009 HEARING - MOTION SUMMARY JUDGMENT SCHEDULED FOR 09/15/2009 @ 8:30  in Room No.  2

08/04/2009 HEARING - MOTION SUMMARY JUDGMENT NOTICE SENT ON 08/04/2009

08/07/2009 Party(s):  PAUL BOOKER
OTHER FILING - AFFIDAVIT FILED ON 08/06/2009
IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT.

08/12/2009 Party(s):  FOUR SEASONS JANITORIAL CONTRACTOR INC
OTHER FILING - REPLY MEMORANDUM FILED ON 08/12/2009
Defendant's Attorney: HUMPHREY HN JOHNSON
TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REPLY STATEMENT
OF MATERIAL FACTS AND OJBJECTIONS

09/15/2009 HEARING - MOTION SUMMARY JUDGMENT HELD ON 09/15/2009
DONALD H MARDEN , JUSTICE
Defendant's Attorney: HUMPHREY HN JOHNSON
Plaintiff's Attorney:  C DONALD BRIGGS
ORAL ARGUMENTS MADE TO THE COURT. COURT TO TAKE MATTER UNDER ADVISEMENT.

09/15/2009 TRIAL - TRAILING LIST CONTINUED ON 09/15/2009
CONTINUED TO THE NEXT TRIAL IN DECEMBER

10/06/2009 Party(s):  UNICCO SERVICE COMPANY   DISMISSED
MOTION - MOTION EXTEND DISCOVERY MOOT ON 10/05/2009
SUMMARY JUDGMENT

10/06/2009 Party(s):  FOUR SEASONS JANITORIAL CONTRACTOR INC
MOTION - MOTION SUMMARY JUDGMENT GRANTED ON 10/05/2009

DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL

10/06/2009 Party(s): UNICCO SERVICE COMPANY   DISMISSED
MOTION - MOTION IN LIMINE MOOT ON 10/05/2009
SUMMARY JUDGMENT

10/06/2009 Party(s): UNICCO SERVICE COMPANY   DISMISSED
MOTION - MOTION SUMMARY JUDGMENT GRANTED ON 10/05/2009
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL

10/06/2009 Party(s): UNICCO SERVICE COMPANY   DISMISSED
MOTION - MOTION SUMMARY JUDGMENT GRANTED ON 10/05/2009
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL

10/06/2009 FINDING - JUDGMENT DETERMINATION ENTERED ON 10/05/2009
DONALD H MARDEN , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL

ORDER - SUMMARY JUDGMENT ENTERED ON 10/05/2009
DONALD H MARDEN , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL
Judgment entered for FOUR SEASONS JANITORIAL CONTRACTOR INC and against PAUL BOOKER.
Judgment entered for UNICCO SERVICE COMPANY  DISMISSED and against PAUL BOOKER.

10/06/2009 FINDING - FINAL JUDGMENT CASE CLOSED ON 10/06/2009

A TRUE COPY
ATTEST: _____
                        Clerk