ENTERED SEP 2 4 2014

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
Docket No. CV-13-72

*CUM-RAC-09-18-14*

BRAD WHITE,

Plaintiff

**ORDER**

v.

C.N. BROWN COMPANY,

Defendant

STATE OF MAINE
Cumberland, ss  Clerk's Office

SEP 18 2014

RECEIVED

Pursuant to Maine Rule of Civil Procedure 56, Defendant C.N. Brown Company ("C.N. Brown") has moved for summary judgment against Plaintiff Brad White on his negligence claim following a slip and fall. Mr. White has opposed C.N. Brown's Motion. The court held a hearing on this matter on July 11, 2014.

After reviewing the parties' memoranda and statements of material facts, the summary judgment record, and hearing oral arguments on the Motion, the court has come to the conclusions detailed below.

I. FACTUAL BACKGROUND

The following facts are gathered from C.N. Brown's Statement of Material Facts (S.M.F.), Mr. White's Opposing Statement of Material Facts (O.S.M.F.) and Additional Statement of Material Facts (A.S.M.F.), and C.N. Brown's Reply Statement of Material Facts (R.S.M.F.).

On December 4, 2012, around 6:30 p.m., Brad White visited the C.N. Brown gas station at 48 Portland Road, Gray, Maine in order to fill gas cans with diesel fuel. (S.M.F. ¶¶ 1-2; O.S.M.F. ¶¶ 1-2; A.S.M.F. ¶ 3; R.S.M.F. ¶ 3.) It was a proverbially dark and stormy night in Gray—the

rain was pouring, and the light was out over the diesel pump. (S.M.F. ¶¶ 4, 16; O.S.M.F. ¶ 16; A.S.M.F. ¶¶ 2, 4; R.S.M.F. ¶ 4.) Mr. White asked that the clerk turn on the pump and the lights over the pump, but the clerk informed him that the lights had been burnt out for at least 3 months. (S.M.F. ¶¶ 3, 4; A.S.M.F. ¶¶ 3, 4; R.S.M.F. ¶¶ 3, 4.) Mr. White proceeded anyhow, because he felt there was sufficient ambient lighting and he had a flashlight. (S.M.F. ¶ 4.) Mr. White lined up what he believes were six gas cans on the curb near the pump. (S.M.F. ¶ 6; O.S.M.F. ¶ 6.) He filled the cans, and began placing the cans about a turn and one or two steps away in his truck. (S.M.F. ¶¶ 7-9; O.S.M.F. ¶¶ 7-9.) In the process of loading the cans, Mr. White fell and hit his head on the tailgate of the truck. (S.M.F. ¶ 10; O.S.M.F. ¶ 10.) Mr. White contends that he "slipped on an oily substance." (A.S.M.F. ¶ 6.) Mr. White testified that his feet were always on the pavement and never on the sidewalk. (S.M.F. ¶ 11; O.S.M.F. ¶ 11.) Mr. White was able to get up and finish loading the gas cans into his truck. (S.M.F. ¶ 12; O.S.M.F. ¶ 12.)

Mr. White returned to the store and noticed "white stuff" and smelled diesel fuel on his pants. (S.M.F. ¶ 14; O.S.M.F. ¶¶ 13; 14.) He spoke to the clerk, who disclosed that there had been an oil spill around 2 p.m. that day, and that kitty litter had been used to attempt to soak up the spill. (S.M.F. ¶ 15; O.S.M.F. ¶ 15; A.S.M.F. ¶¶ 8-9; R.S.M.F. ¶ 9.) The store clerk said about the spilled oil, "I guess we didn't get it all." (A.S.M.F. ¶ 9; R.S.M.F. ¶ 9.)

Mr. White did not inspect the area where he fell, and he did not see what caused his fall. (S.M.F. ¶ 17-19.) After leaving the gas station, Mr. White went over to a friend's house, Richard Youngs, who was a manager for C.N. Brown, and described the incident to Mr. Youngs and showed him the fuel and kitty litter on his pants. (A.S.M.F. ¶¶ 11-12; R.S.M.F. ¶¶ 11-12.) Mr. Youngs gave Mr. White contact information for C.N. Brown. (A.S.M.F. ¶ 12; R.S.M.F. ¶ 12.) In

a conversation with a C.N. Brown representative named Christy, Mr. White discussed slipping on yellow paint on the sidewalk, and he stated in his deposition that he did not know whether or not he slipped on yellow paint. (S.M.F. ¶ 21.)

Mr. White also indicated on a drawing at his deposition that diesel fuel "was down here on the ground because that's where I fell." (A.S.M.F. ¶ 15; R.S.M.F. ¶ 15.) Mr. White testified that he fell on diesel fuel and water, and stated that was his assumption. (S.M.F. ¶ 20; A.S.M.F. ¶¶ 16-17; R.S.M.F. ¶¶ 16-17.) He also provided that he had fallen into what he had slipped on, and that it must have been diesel fuel, since diesel fuel was on his pants as well as the kitty litter. (A.S.M.F. ¶ 18.)

## II.    STANDARD OF REVIEW

"Summary judgment is appropriate when the record reveals no issues of material fact in dispute. A fact is material if it has the potential to affect the outcome of the case." *Lepage v. Bath Iron Works Corp.*, 2006 ME 130, ¶ 9, 909 A.2d 629 (citations omitted). The facts are analyzed "in the light most favorable to the nonmoving party." *Johnson v. McNeil*, 2002 ME 99, ¶ 8, 800 A.2d 702.

The Law Court has held that "[s]ummary judgment is properly granted if the facts are not in dispute or, if the defendant has moved for summary judgment, the evidence favoring the plaintiff is insufficient to support a verdict for the plaintiff as a matter of law." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18; *see also Houde v. Millett*, 2001 ME 183, ¶ 11, 787 A.2d 757. If "a defendant moves for summary judgment, the plaintiff 'must establish a *prima facie* case for each element of her cause of action' that is properly challenged in the defendant's motion." *Curtis*, 2001 ME 158, ¶ 8, 784 A.2d 18 (quoting *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME

3

87, ¶ 9, 711 A.2d 842); *see also Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, ¶ 9, 742 A.2d 933.

When considering a Motion for Summary Judgment, the court must admit uncontroverted facts from the statement of material facts that are properly supported. M.R. Civ. P. 56(h)(4). The court cannot consider parts of the record that were not properly referenced in a statement of material facts. *See* M.R. Civ.P. 56(h)(4) ("The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts."); *see also HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 17, 28 A.3d 1158.

III.   DISCUSSION

To prevail on a claim for negligence, a plaintiff must demonstrate a duty of care, breach of the duty of care, injury, and causation between the breach of the duty of care and the injury. *See Estate of Smith v. Cumberland Cnty.*, 2013 ME 13, ¶ 16, 60 A.3d 759.

C.N. Brown argues that it is entitled to summary judgment, as the evidence is insufficient to show that an alleged breach of duty by C.N. Brown proximately caused Mr. White's fall and subsequent injury. The primary issue before the court on summary judgment is therefore whether or not Mr. White has made a prima facie case of causation. C.N. Brown has not challenged the other elements of Mr. White's negligence action.

"Proximate cause is generally a question of fact for the jury, but the court has a duty to direct a verdict for the defendant if the jury's deliberation rests only on speculation or conjecture." *Merriam v. Wanger*, 2000 ME 159, ¶ 10, 757 A.2d 778. The Law Court has held that "[l]iability cannot be predicated upon the mere happening of an accident. It does not necessarily imply negligence . . . . [T]o establish a case upon inferences drawn from facts, it must be from facts proven. Inferences based on mere conjecture or probabilities will not support a

4

verdict." *Duchaine v. Fortin*, 159 Me. 313, 318, 192 A.2d 473, 476 (1963). (citation omitted). In *Durham v. HTH Corp.*, where a woman fell down a flight of stairs in a restaurant, the Law Court found that testimony regarding a metal strip on the top stair being pulled or curled up after the accident, as well as evidence regarding two other patrons falling down the stairs, along with the restaurant owner's husband stating "'maybe' the metal strip could have caused Durham's accident", were insufficient to demonstrate negligence on the part of the defendant. 2005 ME 53, ¶¶ 10-11, 870 A.2d 577.

A plaintiff's case cannot be based on speculation or conjecture. *See Houde v. Millett*, 2001 ME 183, ¶¶11-12, 787 A.2d 757 (holding that testimony regarding soot being frequently tracked into the kitchen from the basement and soot being on the floor the night before the fall (but subsequently cleaned up by the plaintiff), as well as evidence of a dark smudge later discovered on plaintiff's pajama leg, failed to show without speculation that soot caused the plaintiff to fall). "A defendant is entitled to . . . summary judgment if there is so little evidence tending to show that . . . defendant's acts or omissions were the proximate cause of the plaintiff's injuries that the jury would have to engage in conjecture or speculation . . . to return a verdict for the plaintiff." *Houde*, 2001 ME 183, ¶ 11, 787 A.2d 757.

In order for a court to find that a defendant's actions or omissions proximately caused a plaintiff's injuries the court must determine whether the elements of substantiality and foreseeability have been met. *See Tolliver v. Dep't. of Transp.*, 2008 ME 83, ¶ 42, 948 A.2d 1223.

> 'Evidence is sufficient to support a finding of proximate cause if the evidence and inferences that may reasonably be drawn from the evidence indicate that the negligence played a substantial part in bringing about or actually causing the injury or damage and

that the injury or damage was either a direct result or a reasonably foreseeable consequence of the negligence.'

*Id.* (quoting *Merriam,* 2000 ME 159, ¶ 8, 757 A.2d 778). When making a determination regarding proximate cause, fact-finders are permitted to make reasonable inferences from their own experiences, but the court has held that "in cases involving complex facts beyond the ken of the average juror, or those potentially involving multiple causes, more substantial evidence of proximate cause may be required." *Tolliver,* 2008 ME 83, ¶ 42, 948 A.2d 1223.

C.N. Brown argues that it is entitled to summary judgment because the evidence is insufficient to show that the C.N. Brown proximately caused Mr. White's fall and injury, and the jury would have to resort to speculation and conjecture to return a verdict for Mr. White. C.N. Brown cites to *Addy v. Jenkins,* 2009 ME 46, 969 A.2d 935, where a construction worker fell off staging lacking a ladder, railing, or platform and the court held that the plaintiff, who could not remember how he had fallen, failed to show that potentially defective staging caused his fall. "Addy has failed to present sufficient evidence to establish causation in that he has failed to establish a connection between any defect in the staging and the injury he suffered. Addy, like Durham, has presented evidence of only *from where* he fell, rather than *how* he fell." *Id.* at ¶ 14.

The Law Court has held, however, that it is possible for a plaintiff who cannot remember an accident to recover for damages sustained by that accident, if there is sufficient evidence to compensate for the plaintiff's lack of memory. *See Thompson v. Frankus,* 151 ME 54, 58, 115 A.2d 718, 720 (1955).

C.N. Brown has presented some weaknesses and contradictions in Mr. White's case. Mr. White did not see any diesel fuel on the ground prior to or after falling. From Mr. White's statements regarding the yellow paint, it is unclear whether Mr. White was on the pavement or the sidewalk when he fell. It is also unclear whether the yellow paint may have been involved in

6

his fall. C.N. Brown asserts that it is equally probable that Mr. White slipped and fell on the rainy sidewalk curb, as that he slipped and fell on spilled fuel. In the alternative, C.N. Brown argues that Mr. White could have lost his balance loading the fuel cans into his truck in rainy conditions. C.N. Brown also has posited a number of reasons why Mr. White's pants smelled like diesel fuel and may have had kitty litter on them. C.N. Brown asserts that Mr. White's story regarding how he fell is based on after the fact assumptions.

C.N. Brown also argues that it would be speculative to determine that fuel spilled 4 ½ hours earlier in the day, and then blanketed with kitty litter and exposed to rain could cause a fall. C.N. Brown chastises Mr. White for failing to provide an expert witness on the slipperiness of fuel oil under the circumstances, but this argument is meritless. A jury does not require an expert witness to determine that a fuel oil spill can be slippery, even after it rains, or even after part of the spill is covered with kitty litter. A jury is permitted to make reasonable inferences. *See Tolliver*, 2008 ME 83, ¶ 42, 948 A.2d 1223.

This court disagrees with C.N. Brown that Mr. White's case is insufficient to proceed. Mr. White has repeatedly contended that he slipped and fell on the fuel.[1] He attributes his fall to slipping on "an oily substance." There was a diesel fuel spill that occurred earlier in the day. The clerk stated in regard to the fuel spill, "I guess we didn't get it all." Mr. White had oil and kitty litter on his pants. It is understandable that he did not see oil, given that it was nighttime, the light above the pump was out, and it was pouring rain. It is up to the fact-finder to analyze any

---

[1] The court acknowledges C.N. Brown's argument that Mr. White has attempted to use his interrogatory answers to dispute statements made at Mr. White's deposition. *See Blue Star Corp. v. CKF Properties, LLC*, 2009 ME 101, ¶ 31, 980 A.2d 1270 (quotations omitted) ("[A] party will not be permitted to create an issue of material fact in order to defeat a summary judgment motion simply by submitting an affidavit disputing his own prior sworn testimony.") In this case, however, the interrogatory answers serve more as additional support for Mr. White's deposition testimony, rather than clearly contradictory material. In addition, the interrogatory answers were Exhibit 1 to the deposition, and the answers and deposition testimony are both dated September 5, 2013. The answers were not crafted after the fact to dispute what Mr. White stated at his deposition.

discrepancies in Mr. White's testimony and make determinations regarding his credibility and veracity. This court is not persuaded that a fact-finder would have to resort to conjecture or speculation in this action. At this juncture, viewing the facts in the light most favorable to Mr. White, Mr. White has made a prima facie showing of causation.

Accordingly, the court **ORDERS** that Defendant's Motion for Summary Judgment is **DENIED**.

The clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: September 18, 2014

Hon. Roland A. Cole
Justice, Superior Court

8

--------------------------------------------------------------------

01 0000002300          CAMPBELL, JOHN S
   59 BAXTER BOULEVARD PORTLAND ME 04101
   F     BRAD WHITE                              PL        RTND    02/19/2013

02 0000009610          RUSH, JENNIFER A
   TWO CANAL PLAZA PO BOX 4600 PORTLAND ME 04112-4600
   F     CN BROWN COMPANY                        DEF       RTND    04/16/2013